# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| STEVE PICK,<br><br>Plaintiff,<br>vs.<br><br>CITY OF REMSEN, PAIGE LIST, RACHAEL KEFFELER, JEFF CLUCK, CRAIG BARTOLOZZI, and KIM KELEHER,<br><br>Defendants. | No. C 13-4041-MWB<br><br>**ORDER REGARDING PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S ORDER** |

This case is before me on plaintiff Steve Pick's objections to United States Magistrate Judge Leonard Strand's order directing the destruction of an inadvertently-produced privileged document, an email from defense counsel to some of the defendants.

## I. INTRODUCTION AND BACKGROUND

On April 19, 2013, plaintiff Steve Pick filed this case in the Iowa District Court for Plymouth County. In his state court petition, naming six defendants, Pick asserted the following seven claims: (1) libel/slander, (2) violations of constitutional rights, brought pursuant to 42 U.S.C. § 1983, (3) intentional infliction of emotional distress, (4) wrongful termination (violation of employee manual), (5) wrongful termination (disability), brought pursuant to the Iowa Civil Rights Act, (6) wrongful termination (age), also brought pursuant to the Iowa Civil Rights Act and, (7) retaliation.

Defendants removed this action to this court, invoking federal question jurisdiction with regard to the constitutional claims and supplemental jurisdiction over the remaining,

state law claims. Following removal, Pick amended his complaint numerous times, adding federal disability and age discrimination claims as well as a gender discrimination claim under the federal and Iowa civil rights acts.

Pick subsequently served a request for production of documents on defendants requesting, inter alia, Utility Board minutes from October 2011 to the present and "all relevant non-privileged emails initiated by or received by the City of Remsen in regard to the Plaintiff and/or any of the issues set forth in Plaintiff's complaint." Plaintiff's First Request For Production of Documents at 1. Defense counsel responded by producing responsive documents. Among the documents produced was an email, dated July 14, 2012, from defense counsel to Remsen Utility Board members and others discussing an upcoming Utility Board meeting ("the email"). Defense counsel only learned of the email's inadvertent disclosure on March 25, 2014, when Pick served supplemental discovery responses on defense counsel. Defense counsel contacted Pick's counsel within the hour, indicating that the email had been inadvertently produced and was protected by attorney-client privilege. Defense counsel asked that the email be destroyed. Pick's counsel suggested the email could be redacted to protect "advice relating to procedure," but indicated he intended to rely on the remainder of the email unless ordered otherwise by the court. Defendants' rejected Pick's counsel's suggestion and filed a motion requesting that the court order the email's destruction as an inadvertently produced privileged document. Pick resisted defendants' motion. Following a hearing, Judge Strand granted defendants' motion. Judge Strand, applying a "middle of the road" standard for determining whether the inadvertent production of the email resulted in the waiver of attorney client privilege, *see* In *Engineered Products Co. v. Donaldson Co.*, 313 F.Supp.2d 951 (N.D. Iowa 2004), concluded that the email's attorney-client privilege had not been waived by its inadvertent disclosure and ordered Pick to destroy all copies of the email. Pick appeals Judge Strand's order, objecting to

Judge Strand's analysis on multiple grounds. Defendants have filed a timely response to Pick's appeal, contesting his objections.

## II. LEGAL ANALYSIS

### A. Standard Of Review

A district judge's review of a magistrate judge's order on a nondispositive matter is governed by Federal Rule of Criminal Procedure 59(a), which states:

> A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review.

FED R. CRIM. P. 59(a); *see also* 28 U.S.C. § 636(b)(1)(A). A motion related to pretrial discovery is a nondispositive matter. *See Franke v. AR UP Labs., Inc.*, 390 Fed. App'x 822, 828 (10th Cir. 2010); *Hall v. Norfold S. Ry. Co.*, 469 F.3d 590 (7th Cir. 2006); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *see also Thai Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, 924 F.Supp.2d 508, 511 (S.D.N.Y.2013) ("A magistrate judge's ruling on a nondispositive matter, including a discovery dispute, may be set aside only if the district court determines the ruling to be clearly erroneous or contrary to law.") (internal quotations omitted)). Thus, I will reverse Judge Strand's order only if that ruling is "clearly erroneous or contrary to law." FED. R. CRIM. P. 59(a).

Although the Eighth Circuit Court of Appeals has not addressed the standard of review under Rule 59(a), it has observed, in another context, that "clear error" is a "deferential standard of review" that allows the reviewing court to reverse "only . . . when the entire record definitely and firmly illustrates that the lower court made a mistake." *United States v. Marshall*, 411 F.3d 891, 894 (8th Cir. 2005) (citing *United States v. Quintana*, 340 F.3d 700, 702 (8th Cir. 2003), and *United States v. Causor-Serrato*, 234 F.3d 384, 389 (8th Cir. 2000)). Other Circuit Courts of Appeals have provided comparable formulations of the "clearly erroneous" standard in the Rule 72(a) context. *See, e.g., Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) ("In reexamining this question [upon objections to a magistrate judge's ruling on a non-dispositive matter], the district court was required to 'defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law.'" *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) (citing 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991)). Under the clearly erroneous standard, 'the reviewing court [must] affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed."' *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948))."); *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999) ("Like the district court, we review these factual findings under the 'clearly erroneous' rubric. See 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). This means that we must accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, we 'form a strong, unyielding belief that a mistake has been made.' *Cumpiano v. Banco Santander P.R.*, 902 F.2d 148, 152 (1st Cir. 1990)."); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a)] means

that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

The Eighth Circuit Court of Appeals also has not opined on the meaning of the "contrary to law" prong of review under Rule 59(a). One federal district court has explained, however, that "[a]n order may be deemed contrary to law [within the meaning of Rule 72(a)] 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)). I will review Judge Strand's order with these standards in mind.

### B.  *Pick's Objections*

The Eighth Circuit Court of Appeals has recognized that federal courts have developed three approaches regarding the effect of inadvertent disclosure of privileged information: (1) the lenient approach; (2) the strict approach; and (3) the "middle of the road" or *Hydraflow* approach. *See Gray v. Bicknell*, 86 F.3d 1472, 1483 (8th Cir. 1996); *Pavlik v. Cargill, Inc.*, 9 F.3d 710, 713 (8th Cir. 1993).

Although the Eighth Circuit Court of Appeals has not decided which approach to apply in a federal question case, it adopted the *Hydraflow* approach in its *Gray* decision, a diversity case in which state law was silent. *Id.* In *Engineered Products Co. v. Donaldson Co.*, 313 F.Supp.2d 951 (N.D. Iowa 2004), I concluded that the Eighth Circuit Court of Appeals would likely apply the *Hydraflow* approach to inadvertent disclosure of privileged information in federal question cases and applied the *Hydraflow* approach there. *Id.* at 1020; see *Puckett Starway v. Independent Sch. Dist. No. 625*, 187 F.R.D. 595, 596 (D. Minn. 1999) (applying *Hydraflow* approach to federal question case). Under the *Hydraflow* approach, "the court undertakes a five-step analysis of the

unintentionally disclosed document to determine the proper range of privilege to extend."
*Gray,* 86 F.3d at 1483. As the Eighth Circuit Court of Appeals explained,

> These considerations are (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of document production, (2) the number of inadvertent disclosures, (3) the extent of the disclosures, (4) the promptness of measures taken to rectify the disclosure, and (5) whether the overriding interest of justice would be served by relieving the party of its error.

*Gray*, 86 F.3d at 1484 (citing *Hydraflow, Inc. v. Enidine Inc.*, 145 F.R.D. 626, 637 (W.D.N.Y. 1993)). This is the approach Judge Strand applied here. Pick concedes that the *Hydraflow* approach is the correct one to apply. However, he takes issue with Judge Strand's analysis of several of the *Hydraflow* factors. Pick's objections, however, do not contain a single citation to any case, rule, or other legal authority. I will consider his objections to each factor in turn.

### 1. *Reasonableness of precautions*

Pick initially objects to Judge Strand's finding that defense counsel took reasonable precautions in reviewing and producing the documents to prevent the inadvertent disclosure of privileged materials. Pick first contends that defense counsel's failure to prepare a privilege log was unreasonable. Obviously, there is no need to create a privilege log unless the review process locates both privileged and non-privileged documents. Here, as Judge Strand noted, defense counsel explained that he did not create a privilege log because he found no privileged documents in his review.

Pick also objects to Judge Strand's finding that the privileged email was "inconspicuously located among various non-privileged email messages." Judge Strand's characterization is completely fair and accurate. In responding to Pick's discovery request, defendants turned over to their counsel 440 pages of documents, including 183 pages of email messages. Some pages contained more than one email. This was the

6

situation with the page containing the privileged email in question. It was located under a non-privileged email, starting halfway down one page running onto a second page. The privileged email was not marked in any way as privileged nor was it otherwise distinguishable from the non-privileged emails which surrounded it. The size and font of all the email messages, on the pages containing the confidential email, are identical and there are no borders or markers defining where one email ends and another begins.

Finally, Pick takes issue with Judge Strand's finding that defense counsel's reviewing process was reasonable where he was only person to review the documents. In reaching his finding on reasonableness, Judge Strand pointed out that defense counsel is a licensed, experienced attorney who personally reviewed each page before producing the documents at issue. I find that Judge Strand's determination on this issue is not clearly erroneous. Review of files or documents by an attorney, as opposed to non-lawyer staff, to remove privileged material is a reasonable precaution. *See Starway v. Independent Sch. Dist. No. 625*, 187 F.R.D. 595, 598 (D. Minn. 1999) (indicating that adequate precautions were taken when counsel, rather than "non-lawyer staff" reviewed the documents and removed privileged material).

Thus, Pick's objections concerning this factor are overruled, and I find Judge Strand's conclusion that the first *Hydraflow* factor weighs in favor of non-waiver is not clearly erroneous.

### *2. Number of inadvertent disclosures*

Pick does not object to Judge Strand's finding that the second *Hydraflow* factor weighs in favor of non-waiver nor could he in good faith since the email in question is the only inadvertent disclosure defendants made. Judge Strand's conclusion that the second *Hydraflow* factor weighs in favor of non-waiver is not clearly erroneous.

### 3. *Extent of the disclosures*

Judge Strand found that the third *Hydraflow* factor weighs in favor of waiver because "[t]he disclosure was complete and total" since the entire contents of the email were disclosed to Pick's counsel. Pick does not object to Judge Strand's conclusion on this factor, but to his factual finding that the email was not disclosed to others. Pick contends that the disclosure of the email was greater than that because it was originally sent to six people. This objection ignores the fact that Judge Strand specifically asked defense counsel to identify these six people and learned that all six are privileged recipients of the email. Accordingly, Judge Strand's finding is not clearly erroneous and Pick's objection is overruled.

### 4. *Timeliness of rectifying measures*

Pick does not object to Judge Strand's finding that the fourth *Hydraflow* factor weighs in favor of non-waiver and for good reason. Defense counsel contacted Pick's counsel just 34 minutes after learning of the email's inadvertent disclosure and requested its destruction. Thus, there is no question that Judge Strand's conclusion that the fourth *Hydraflow* factor weighs in favor of non-waiver is not clearly erroneous.

### 5. *Overriding interest in justice*

Pick also objects to Judge Strand's conclusion that the fifth and final *Hydraflow* factor weighs in favor of non-waiver. In considering this factor, Judge Strand focused on whether Pick would suffer "unfair prejudice" if the status quo was restored. In concluding that Pick would not be unfairly prejudiced, Judge Strand noted that Pick could not have anticipated receipt of the email, and, thus, "prosecuted this action for over nine months without the benefit of the Communication. He clearly has other evidence that he intends to rely on in support of his various claims." Order at 8. Judge Strand went on to point out that even after Pick received the email, he "had no reasonable basis to rely on its availability at trial as he continued to prepare his case. Any attorney reviewing the

8

[email], as produced with a large number of non-privileged communications, would realize that its disclosure was likely inadvertent." Order at 8. Thus, Judge Strand concluded that

> Absent the mistaken disclosure, Pick and his attorneys would not know, and would not have the right to know, the contents of the [email]. There is no indication that Pick's ability to present his case at trial has been impaired by the fact that the disclosure occurred. He simply does not get to benefit from opposing counsel's mistake. This factor weighs in favor of non-waiver.

Order at 9.

The email is classic legal advice that should be protected by the attorney-client privilege. The attorney-client privilege promotes the just resolution of disputes by facilitating forthright communication between counsel and client. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). This interest of justice would be harmed here by permitting Pick to use the email at trial. Remedying defense counsel's mistake undoubtedly results in some hardship for Pick at trial, since the email will be unavailable for him to use for possible impeachment purposes. This hardship, however, does not negate the injustice that will occur if the email is stripped of its privileged status as a result of its inadvertent disclosure under the circumstances. Given the important nature of the attorney-client privilege and the manner in which the email was inadvertently disclosed, Judge Strand's conclusion that the overriding interest in justice factor weighed against waiver is not clearly erroneous. Accordingly, Pick's objection is overruled.

### III. CONCLUSION

For the reasons discussed above, Judge Strand's order granting defendants' motion for order to destroy privileged email is not clearly erroneous or contrary to law and Pick's

9

objections to this order are overruled. Therefore, Judge Strand's order granting defendants' motion for order to destroy privileged email is affirmed.

**IT IS SO ORDERED**.

**DATED** this 15th day of September, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA